**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| Frankie Hora | : | Case No. |
| 15725 Eaton Pike | | Judge |
| West Alexandria, Ohio  45381 | : | |
| | | |
| and | : | |
| | | |
| Mary Hora | : | **COMPLAINT AND JURY DEMAND** |
| 15725 Eaton Pike | | |
| West Alexandria, Ohio  45381 | : | |
| | | |
| and | : | |
| | | |
| Tukens, LLC, dba Tukens Farm Market | : | |
|  an Ohio Limited Liability Company | | |
| 15725 Eaton Pike | : | |
| West Alexandria, Ohio  45381 | | |
| | : | |
| Plaintiffs | | |
| | : | |
| vs. | | |
| | : | |
| Mr. Rick Risner | | |
| 15565 Dayton Eaton Pike | : | |
| West Alexandria, Ohio  45381 | | |
| | : | |
| and | | |
| | : | |
| Perry Township, Montgomery County, | | |
|    Ohio | | |
| 3025 Johnsville-Brookville Road | : | |
| Brookville, Ohio  45309 | | |
| | : | |
| and | | |
| | : | |
| Stephen  Nelson | | |
| c/o Perry Township Police Department | : | |
| 3025 Johnsville-Brookville Rd. | | |
| Brookville, Ohio  45309 | : | |
| | | |
| and | : | |

|  |  |
|---|---|
| William Wortman<br>c/o Perry Township Police Department<br>3025 Johnsville-Brookville Rd.<br>Brookville, Ohio  45309 | :<br>:<br>:<br>: |
| Defendants | : |

Notice also to:

|  |  |
|---|---|
|  | : |
| Dale Edward Seim,<br>Perry Township Trustee<br>15386 Little Richmond Road<br>New Lebanon, Ohio  45345 | :<br>: |
| and | : |
| Montgomery County Prosecutor's Office<br>Attn:  Mat Heck, Jr., County Prosecutor<br>301 W. Third St.<br>PO Box 972<br>Dayton, Ohio  45402 | :<br>:<br>: |
| and | : |
| Perry Township Police Department<br>Attn:  Robert Bowman, Chief of Police<br>3025 Johnsville Brookville Rd.<br>Brookville, Ohio  45309 | :<br>:<br>: |
| : | : : |

**NOW COMES** Plaintiffs Frankie and Mary Hora and Tukens, LLC, and by their undersigned counsel, for their Complaint against Defendants, allege as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1331, as one of the causes of action arise under federal law, specifically 42 U.S.C. § 1983. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b)(2). The property at issue is located in Montgomery County, Ohio. Further, each of the violations alleged in this Complaint occurred in Montgomery County, Ohio.

## STATEMENT OF THE PARTIES

Plaintiffs, Frankie and Mary Hora are the residents and occupy the real property at issue in this complaint located at 15725 Eaton Pike, West Alexandria, Ohio 45381. ("the Property") Plaintiff, Tukens, LLC ("Tukens") is an Ohio limited liability company of which the Plaintiffs are the sole members.  Tukens operates a farm market located on the Property.

## STATEMENT OF DEFENDANTS

Upon information and belief, Defendant Ricky Risner, is an individual believed to be the owner of the property located at 15565 Eaton Pike, West Alexandria, Ohio 45381 and which is adjacent to the Property. ("the Adjacent Property")    Upon information and belief, Defendant Stephen Nelson, is an individual formerly employed by the Defendant, Perry Township in its Police Department and is being included in his individual capacity as well as in his capacity as an employee of the Defendant Perry. ("Nelson")    Upon information and belief, Defendant, William Wortman, is an individual employed by the Defendant, Perry Township in its Police Department and was the supervisor of the Defendant, Stephen Nelson and is being included in his individual capacity as well as in his capacity as an employee of the Defendant Perry. ("Wortman")   The Defendant, Perry Township is a non-charter township duly organized and existing under the laws of the state of Ohio ("Perry").

## STATEMENT OF FACTS

By this reference, the Plaintiffs hereby incorporate the above-stated paragraphs as fully restated and realleged herein.

11.     On or about October 20, 2017, the Defendant Risner contacted the Perry Township  Department and sought to file trespass charges against the Plaintiffs and in particular asserted that signs advertising Tukens Farm Market were wrongfully located on the Adjacent Property, located at 15565 Eaton Pike, West Alexandria, Ohio 45381.

12.     As a result of this contact, the Defendant Nelson was dispatched to take the complaint of the Defendant Risner and gained his statement, signature and request to initiate the charge.

13.     Upon information and belief, the Defendant, Nelson thereafter purportedly conducted an investigation, including the research of the property boundaries of Property and the Adjacent Property and concluded from that investigation that the signs were indeed on the Adjacent Property and also that an additional portion of the Property that was also owned by Risner

14.     Upon information and belief, the Defendant, Nelson then presented the results of his investigation and findings to his superior, the Defendant Wortman who also approved the same with the direction to follow up with a charge of trespass against the Plaintiffs..

15.     As a result, on or about October 21, 2018, the Defendant Nelson stopped at the Farm Market operated by the Defendant, Tukens during its business hours and in the presence of customers in a volume loud enough to be heard by the patrons of Tukens, demanded that the Plaintiff, Mary Hora immediately summon the Plaintiff, Frank Hora in order to discuss a violation of law.

16.     Acting upon such request, the Plaintiff, Mary Hora called the Plaintiff, Frank Hora who ceased working in the adjacent fields and came to meet with the Defendant Nelson.

17.     The Defendant Nelson and the Plaintiff, Frank Hora went to the location of the signs and the Defendant Nelson advised the Plaintiff, Frankie Hora that unless the signs were not immediately removed and he not enter that portion of the land again, he would be arrested for trespassing.

18.     The Defendant Nelson was advised by the Plaintiff, Frankie Hora that the signs had been on the property for over 14 years and that the Defendant Nelson was in error as to the

boundaries.  Despite such advice, the Defendant Nelson again asserted that unless the signs were immediately taken down, Mr. Hora would be arrested.

19. Under the threat of such prosecution, Mr. Hora removed the signs and obeyed the order of the Defendant Nelson did not re-enter that portion of the property until

20. Thereafter, the Plaintiff obtained a boundary survey of the Property which clearly established that the investigation conducted by the Defendant, Nelson was inaccurate and conveyed a copy of the same to the Defendant, Township and requested that any Township records which had been the subject of the investigation by the Defendant, Nelson and approved by the Defendant Wortman be corrected, that the records of the investigation and trespass also be corrected and that the Defendant Risner be advised of the true and accurate boundaries.

21. Notwithstanding such request, nothing was done by the Defendant Township.

22. As a result in April 2018, the Defendant Risner and individuals then residing with him continued to assert that he owned the Property included in the boundary survey and threatened to cut down walnut trees on the same and otherwise committed acts of trespass owned on the land owned by the Plaintiffs without any action being taken by the Defendant, Perry Township.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF 42 U.S.C. § 1983.

23. The Plaintiffs adopt and reallege all prior paragraphs as if set out here in full.

24. 42 U.S.C. §1983, provides in part: " Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

at law, suit in equity, or other proper proceeding for redress". The Plaintiffs would assert that declaratory relief and redress was not available to them by virtue of the actions and failure to act by the Defendant, Township despite being presented with evidence of the error. As a result of the actions of the Defendants, the Plaintiff were and have been deprived of the use of their property, damaged as a result of the required removal of the signage during the peak season of operations. As a result of the actions of the Defendants, the Plaintiffs have been damaged in excess of $75,000 which will be shown at the trial in this cause.

### COUNT II: EMOTIONAL DISTRESS

20. The Plaintiffs adopt and reallege all prior paragraphs as if set out here in full.

21. As a result of the actions of the Defendant and based on the callous disregard displayed by the Defendant Nelson, the Plaintiff, Mary and Frank Hora were subjected to inquiry and embarrassment to the customers present on October 21, 2018 and thereafter who inquired as to the reasons for the removal of the signs and whether Tukens Farm Market was going out of business.

22. Because of the failure to publicly correct the Plaintiffs were subjected top continued inquiry and embarrassment through the spring of 2018 as well as the continued actions of the Defendant Risner in asserting that he was the actual owner.

23. As a result of the of the foregoing, the Plaintiffs, Mary Hora and Frank Hora have incurred emotional distress.

24. As a result of the actions of the Defendants, the Plaintiffs have been damaged in excess of $75,000 and should be awarded punitive damages against all the Defendants which will be shown at the trial in this cause.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, respectfully requests that this Court enter judgment against each Defendant, jointly and severally, as follows.  Declare that the Defendants violated 42 USC 1983, enter a permanent injunction to prevent future violation of 42 USC 1983 by the Defendants, and award the Plaintiffs actual damages and non-economic damages in excess of $75,000.00 and as will be shown at trial in this cause and also punitive damages; require the Defendant, Perry Township to correct its records to reflect the true boundaries of the Property; Order costs of this litigation and reasonable attorney's fees to Plaintiffs; and Order any and all other relief the Court may deem just and proper.

DILLER & RICE, LLC

  /s/Steven L. Diller_____
Steven L. Diller (0023320)
Attorney for Plaintiffs
124 E. Main Street
Van Wert, Ohio  45891
Phone: (419) 238-5025
Fax: (419) 238-4705
steven@drlawllc.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

   /s/Steven L. Diller_____
Steven L. Diller