IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKIE HORA, *et al.*,

    Plaintiffs,

v.

RICK RISNER, *et al.*,

    Defendants.

Case No. 3:18-cv-344

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO EXTEND THE TIME IN WHICH TO RESPOND TO THE MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY CERTAIN DEFENDANTS (DOC. #19); AMENDED COMPLAINT TO BE FILED BY PLAINTIFFS WITHIN SEVEN DAYS; OVERRULING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #16)

---

Plaintiffs Frankie and Mary Hora, and Tukens, LLC, dba Tukens Farm Market, filed suit against Rick Risner, Perry Township and Perry Township police officers Stephen Nelson and William Wortman. Plaintiffs seek relief under 42 U.S.C. § 1983 for alleged violations of their constitutional rights. They also assert a claim of emotional distress. Doc. #1.

This matter is currently before the Court on a Motion for Judgment on the Pleadings filed by Defendants Perry Township, Stephen Nelson and William Wortman, Doc. #16, which is not yet fully briefed. Also pending is Plaintiffs' Amended Motion for Leave to File Amended Complaint or, in the Alternative, to

Extend the Time in Which to Respond to the Motion for Judgment on the Pleadings. Doc. #19.

I.   **Background and Procedural History**

Frankie and Mary Hora operate a farm market in West Alexandria, Ohio. Rick Risner owns adjacent property. On October 20, 2017, Risner called the Perry Township police department seeking to press criminal trespass charges against the Horas. He alleged that signs advertising their farm market were wrongfully located on his property. Officer Stephen Nelson took Risner's statement. After researching the property boundary lines, Nelson concluded that Risner was correct. Nelson spoke to his supervisor, William Wortman, who agreed that a trespass charge was warranted.

On October 21, 2017, Nelson went to the farm market to confront the Horas. He did so during business hours when customers were present. Nelson told the Horas that, unless the signs were removed immediately, they would be arrested for trespassing. Frankie Hora told Nelson that the signs had been there for over 14 years. He denied that they were on Risner's property. Nelson nevertheless insisted that, unless the signs were immediately removed, Hora would be arrested. To avoid arrest, Hora removed the signs.

Thereafter, the Horas obtained a boundary survey, which proved that the signs, in fact, had been located on their own property. They took a copy to the township and asked the township correct the records on which Nelson had relied

2

and to advise Mr. Risner of the true boundaries. The Horas maintain that the township did nothing. Risner continues to claim that he owns the property in question. On October 19, 2018, Plaintiffs filed suit seeking relief under 42 U.S.C. § 1983 for being "deprived of the use of their property." They also asserted a claim of emotional distress. Doc. #1.

Defendants Perry Township, Stephen Nelson and William Wortman filed a Motion for Judgment on the Pleadings, Doc. #16.[1] They argued that the official capacity claims should be dismissed as duplicative of the claims against the township. As to the § 1983 claim, they noted that Plaintiffs had not identified what provision of federal or constitutional law had allegedly been violated. Defendants argued that Plaintiffs had failed to state a plausible Fourth Amendment claim, malicious prosecution claim, takings claim or due process claim. Defendants further argued that Nelson and Wortman are entitled to qualified immunity on the § 1983 claim, that all Defendants are entitled to statutory immunity on the emotional distress claim, and that Plaintiffs are not entitled to punitive damages.

Rather than respond to the Motion for Judgment on the Pleadings, Plaintiffs filed a Motion for Leave to File Amended Complaint, Doc. #17. Given that they failed to attach the proposed Amended Complaint to that motion, the Court

---

[1] Because the Complaint also requested that "Notice" be sent to Perry Township Trustee Dale Seim, Montgomery County Prosecutor Mat Heck, Jr., and Perry Township Chief of Police Robert Bowman, these individuals joined in the motion in an abundance of caution. They note, however, that the Complaint contains no allegations against them.

3

overruled the motion without prejudice. Doc. #18. Plaintiffs then filed an Amended Motion for Leave to File Amended Complaint or, in the Alternative, to Extend the Time in Which to Respond to the Motion for Judgment on the Pleadings Filed by Certain Defendants, Doc. #19. That motion is now fully briefed and ripe for decision. In the proposed Amended Complaint, Plaintiffs seek relief under 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment, Fifth Amendment, Sixth Amendment and Fourteenth Amendment. They also bring a claim for emotional distress.

II. Fed. R. Civ. P. 15

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend a pleading "when justice so requires." However, leave need not be given if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment" or if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Defendants argue that, because Plaintiffs' proposed Amended Complaint would not withstand a Rule 12(b)(6) motion to dismiss, Plaintiffs' Motion for Leave to Amend should be denied as futile. According to Defendants, the alleged Fourth

4

Amendment claim fails because there are no allegations of an actual arrest or an illegal search, the alleged Fifth Amendment claim fails because there are no claims against federal officers, and the alleged Sixth Amendment claim fails because Plaintiffs were never charged with a crime. Defendants also argue that Plaintiffs have failed to state a plausible Fourteenth Amendment procedural due process claim. In the alternative, Defendants argue that Plaintiffs' proposed amendments would not withstand a motion to dismiss because Defendants are entitled to qualified immunity and statutory immunity for the reasons set forth in the Motion for Judgment on the Pleadings.

Having reviewed the parties' briefs and the applicable law, the Court concludes that the proposed amendment would not necessarily be futile. At this juncture, the Court makes no determination with respect to the § 1983 claims based on alleged violations of the Fourth, Fifth and Sixth Amendment or the emotional distress claim. Rather, the Court focuses on the plausibility of Plaintiffs' Fourteenth Amendment procedural due process claim.

The Fourteenth Amendment prohibits States from depriving persons of "life liberty, or property, without due process of law." U.S. Const. amend. XIV. To prevail on their procedural due process claim, Plaintiffs must prove that they had a protected property interest, that Defendants deprived them of that interest, and that they were not afforded the requisite due process. *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 900 (6th Cir. 2019). Construing the proposed Amended

Complaint in Plaintiffs' favor and drawing all reasonable inferences in their favor, Plaintiffs have stated a plausible claim for relief.

Plaintiffs allege that, through the threat of arrest, Defendants wrongfully deprived them of the use of their property without first providing notice and a meaningful opportunity to be heard. Several cases support a finding that Plaintiffs' allegations are sufficient to state a plausible claim for relief.

For example, in *Abbott v. Latshaw*, 164 F.3d 141 (3d Cir. 1998), Laurie Latshaw enlisted the help of a Constable Albert Diehl to gain possession of a vehicle from her ex-husband, Mark Abbott. Both Latshaw and Abbott claimed ownership of the vehicle and both claimed to have documents to support their claims. Nevertheless, Diehl forced Abbott to surrender possession of the vehicle under threat of arrest. Abbott then sued. The district court granted summary judgment in favor of Diehl.

The Third Circuit reversed, finding that Abbott had "a strong claim against Diehl for violating his right to procedural due process by failing to give him advance notice and an opportunity to be heard prior to Latshaw's seizure of the van." *Id.* at 147. The Third Circuit also held that Diehl was not entitled to qualified immunity.

> At the heart of *Fuentes* is the principle that it is not for law enforcement officers to decide who is entitled to possession of property. Rather, it is the domain of the courts, and citizens are to have a meaningful opportunity to be heard as to their rights before they are finally deprived of possession of property. Diehl's curbside courtroom, in which he decided who was entitled to possession, is precisely the situation and deprivation of rights to be avoided. . . . In his single-minded reliance on Latshaw's documentation, Diehl rode roughshod over *Fuentes* and ignored the broader context of the

6

> seizure which militated against the legality and reasonableness of his hasty conclusion that Latshaw, not Abbott, was entitled to immediate possession of the van. An official familiar with the facts then known and the law then applicable would have reasonably believed that his conduct was violating clearly established law.

*Id.* at 149 (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972)).

Two district court cases involving disputed claims of ownership to personal property likewise indicate that procedural due process rights may be violated when a law enforcement officer deprives a person of a protected property interest under the threat of arrest prior to notice and a meaningful opportunity to be heard. *See Goard v. Crown Auto, Inc.*, 170 F. Supp. 3d 915, 918 (W.D. Va. 2016) (holding that allegations that officers facilitated repossession of vehicle by threatening arrest and causing plaintiff to turn over the vehicle states a plausible procedural due process claim); *Foley v. Town of Lee*, 871 F. Supp. 2d 39, 48-49 (D.N.H. 2012) (holding that a reasonable jury could find that officers' threat to arrest plaintiffs if they did not leave the camper, on which they had allegedly failed to make the final payment, may have deprived plaintiffs of their property interest without constitutionally adequate due process).

Based on the foregoing case law, the Court finds that Plaintiffs' proposed Amended Complaint, at the very least, states a plausible procedural due process claim. Accordingly, the Court rejects Defendants' futility argument.

## III. Conclusion

For the reasons set forth above, pursuant to Fed. R. Civ. P. 15(a)(2), the Court SUSTAINS Plaintiffs' Amended Motion for Leave to File Amended Complaint, Doc. #19. Defendants' Motion for Judgment on the Pleadings, Doc. #16, is OVERRULED AS MOOT.

Plaintiffs are directed to file their Amended Complaint within 7 calendar days of the date of this Decision and Entry.

Date: November 12, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE