**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| Frankie Hora | : | Case No. 18CV00344 |
| 15725 Eaton Pike | | Judge Walter Rice |
| West Alexandria, Ohio  45381 | : | |
| | | |
| and | : | |
| | | |
| Mary Hora | : | **AMENDED COMPLAINT AND** |
| 15725 Eaton Pike | | **JURY DEMAND** |
| West Alexandria, Ohio  45381 | : | |
| | | |
| and | : | |
| | | |
| Tukens, LLC, dba Tukens Farm Market | : | |
| an Ohio Limited Liability Company | | |
| 15725 Eaton Pike | : | |
| West Alexandria, Ohio  45381 | | |
| | : | |
| Plaintiffs | | |
| | : | |
| vs. | | |
| | : | |
| Mr. Rick Risner | | |
| 15565 Dayton Eaton Pike | : | |
| West Alexandria, Ohio  45381 | | |
| | : | |
| and | | |
| | : | |
| Perry Township, Montgomery County, | | |
| Ohio | | |
| 3025 Johnsville-Brookville Road | : | |
| Brookville, Ohio  45309 | | |
| | : | |
| and | | |
| | | |
| Stephen  Nelson | : | |
| c/o Perry Township Police Department | | |
| 3025 Johnsville-Brookville Rd. | : | |
| Brookville, Ohio  45309 | | |
| | : | |
| and | | |

|  |  |
|---|---|
| William Wortman | : |
| c/o Perry Township Police Department | : |
| 3025 Johnsville-Brookville Rd. | |
| Brookville, Ohio  45309 | : |
| | |
| Defendants | : |

Notice also to:

:

Dale Edward Seim,
Perry Township Trustee                     :
15386 Little Richmond Road
New Lebanon, Ohio  45345                :

and                                         :

Montgomery County Prosecutor's Office   :
Attn:  Mat Heck, Jr., County Prosecutor
301 W. Third St.                            :
PO Box 972
Dayton, Ohio  45402                         :

and                                         :

Perry Township Police Department           :
Attn:  Robert Bowman, Chief of Police
3025 Johnsville Brookville Rd.              :
Brookville, Ohio  45309
                              :       :              :

**NOW COMES** Plaintiffs Frankie and Mary Hora and Tukens, LLC, and by their undersigned counsel, and for their Amended Complaint ("Complaint") against Defendants, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1331, as one of the causes of action arise under federal law, specifically 42 U.S.C. § 1983.

2. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b)(2). Fort his purpose, the property at issue is located in Montgomery County, Ohio. Further, each of the violations alleged in this Complaint occurred in Montgomery County, Ohio.

## NATURE OF ACTION

3. This action arises under the provisions of the Fourth, Fifth, Sixth and 14th Amendments to the Constitution of the United States of America (U.S. Const. Amends. IV, VI, XIV), and under the Civil Rights Act, Title 42 of the United States Code Annotated, Section 1983 (42 U.S.C.A. § 1983).

## STATEMENT OF THE PARTIES

4. Plaintiffs, Frankie and Mary Hora ("respectively "Mr. Hora" and "Mrs. Hora") are the residents and occupy the real property at issue in this complaint located at 15725 Eaton Pike, West Alexandria, Ohio 45381. ("the Property").

5. Plaintiff, Tukens, LLC ("Tukens") is an Ohio limited liability company of which the Plaintiffs are the sole members. Tukens operates a farm market located on the Property.

6. Upon information and belief, Defendant Ricky Risner ("Risner"), is an individual believed to be the owner of the property located at 15565 Eaton Pike, West Alexandria, Ohio 45381 and which is adjacent to the Property. ("the Adjacent Property").

7. Upon information and belief, Defendant Stephen Nelson, is an individual formerly employed by the Defendant, Perry Township, in its Police Department and is being included in his individual capacity as well as in his capacity as an employee of the Defendant Perry Township. ("Nelson").

8. Upon information and belief, Defendant, William Wortman, is an individual employed by the Defendant, Perry Township in its Police Department and was the supervisor of

the Defendant, Nelson and is being included in his individual capacity as well as in his capacity as an employee of the Defendant, Perry Township. ("Wortman").

9. Upon information and belief, the Defendant, Perry Township is a non-charter township duly organized and existing under the laws of the state of Ohio ("Perry Township"). This Defendant was at the time of the acts alleged herein the employer of the individual Defendant, Nelson and Wortman, and is a proper entity to be sued under 42 U.S.C. § 1983.

10. That each of the alleged acts of defendants Nelson and Wortman were done by them, and each of them, not as individuals, but under the color and authority of the statutes, ordinances, regulations, customs, and usages of Perry Township and under the authority of their positions as police and law enforcement officers for Perry Township.

11. Defendants are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

## STATEMENT OF THE FACTS

12. The Plaintiffs hereby incorporate the above-stated paragraphs as fully restated and realleged herein.

13. Upon information and belief, on or about October 20, 2017, Risner contacted the Perry Township Police Department. ("Police Department").

14. That upon information and belief, the purpose of Risner's contact with the Police Department was to file trespass charges against the Plaintiffs on the basis that signs advertising Tukens Farm Market ("Signs"), and owned by the Plaintiffs, were wrongfully located on the

Adjacent Property owned by Risner.

15. That the Signs had been in their present location for at least 14 years.

16. That to the Plaintiffs' knowledge, Risner, before the acts complained of herein, had never commenced any legal proceeding with respect to the Signs, and Risner's assertions that the Signs are located on the Adjacent Property.

17. That upon information and belief, after Risner made his complaint to the Police Department, Nelson was dispatched to take the complaint of Risner and gained his statement, signature and request to initiate the charge.

18. Upon information and belief, Nelson thereafter purportedly conducted an internal investigation which involved researching the boundaries of the Property with respect to the Adjacent Property.

19. Upon information and belief, Nelson determined from his internal investigation that the Signs were located on the Adjacent Property as owned by Risner.

20. Upon information and belief, Nelson then presented the results of his investigation and findings to his superior, Wortman.

21. Upon information and belief, Risner recommended to Wortman that trespass charges should be pursued against the Plaintiffs, and that Wortman then authorized and encouraged Risner to pursue such action.

22. That on or about October 21, 2018, Nelson, while in police uniform, stopped at the Farm Market operated by Tukens during its business hours. At this visit, Nelson demanded that Mrs. Hora immediately summon Mr. Hora in order to discuss a violation of law. This request of Nelson was made in load voice request and in the presence of customers of Tukens.

23. Acting upon such request, Mrs. Hora called Mr. Hora who ceased working in the

adjacent fields and came to meet with Nelson.

24. Nelson and Mr. Hora then proceeded to the location of the Signs at which time Nelson advised Mr. Hora that Signs were on Mr. Risner's Property. Mr. Hora then directly contested this assertion, communicating to Nelson that the Signs were on the Property and had been at the same location for 14 years, and that Nelson was in error of the boundary line between the Property and the Adjacent Property.  To support such claim, Mr. Hora pointed out to Nelson two landmarks, (two cement and steel posts) showing the location of the boundary between the Property and the Adjacent Property.

25. Notwithstanding Mr. Hora communicating the above information to Nelson, Nelson informed Mr. Hora that if the Signs were not immediately removed he would be arrested for trespassing. Nelson further advised Mr. Hora that he would also be arrested if he entered upon Risner's property. Under this threat of arrest, Mr. Hora removed the Signs and obeyed the order of the Defendant Nelson and did not re-enter that portion of the property which was disputed.

26. At no time during Nelson's visit to the Farm Market operated by Tukens and to the Property itself was there evidence that a crime was being committed.

27.  Thereafter, Mr. Hora obtained a boundary survey of the Property and Adjacent Property which clearly established that the Signs had been located on the Property and not the Adjacent Property.

28. Mr. Hora the presented his survey to officials with Perry Township, and asked that the records be corrected, that the records of the investigation and trespass also be corrected and that Risner be advised of the true and accurate boundaries. Upon information and belief, however, no such remedial action was taken or has been taken.

29. Based upon the lack of any remedial action taken by Perry Township, Nelson and Wortman, Risner and individuals then residing with him continued to assert ownership of the Plaintiff's Property, and based upon such assertion have threatened to cut down walnut trees on the Property and otherwise committed acts of trespass on the Property.

30. That no criminal charges were ever filed against any of the Plaintiffs for trespass and related crimes with respect to the boundary dispute regarding the Property and Adjacent Property.

31. That Mr. Hora, after his encounter with Nelson and being threatened with arrest, was notified by a new police chief with Perry Township, Mr. Charles Adams, that they have since changed their approach to future boundary disputes, and would treat such disputes as civil matters.

## CAUSES OF ACTION

### COUNT I:
### (42 U.S.C. § 1983; FOURTH AMENDMENT)

32. The Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated and realleged herein.

33. 42 U.S.C. §1983, provides in part: " Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action.

34. As and for their first claim under 42 U.S.C. §1983, the Plaintiffs allege a violation of Amendment IV, to the United States Constitution which provides:

The right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

35. That Nelson took possessory control over the Plaintiffs' Property when he ordered, in his capacity as police officer for Perry Township, that the Signs be taken down and removed at the Property.

36. That Nelson, in his capacity as police officer for Perry Township, took control over Mr. Hora's person when he threaten him with arrest.

37. That the above acts were taken at a time when there was no imminent threat or harm to any person or person's property.

38. That Mr. Hora informed Nelson, at the time of the above acts, that there existed a genuine and bona fide dispute regarding the boundary between the Property and the Adjacent Property and the location of the Signs.

39. That such a dispute was plainly evident based upon a visual inspection of the Property and Adjacent Property and through the records maintained by the Defendant, Perry Township.

40. That the boundary dispute between the Plaintiffs and Risner is a civil matter that should have or could have been resolved through civil procedures.

41. That Nelson, by using the threat of the power of the state through the arrest, wrongfully and intentionally inserted himself into a civil matter.

42. That under Ohio law no criminal liability arises when one's personal property is located on another's real property. R.C. § 2911.21.

43. That Nelson and Wortman took sides in a civil dispute in favor of Risner and thereby insinuated themselves into a position of interdependence with Risner.

44. That with respect to the boundary dispute, Risner acted in concert with Nelson, Wortman and Perry Township;

45. That at the time Nelson threatened Mr. Hora with arrest, no determination had been made by a court of law regarding the location of the boundary between the Property and the Adjacent Property.

46. That at the time Nelson threatened Mr. Hora with arrest, no warrant had been issued for the arrest of Mr. Hora regarding the boundary dispute.

47. That the above acts were undertaken at the direction and with consent of Wortman while a police supervisor for Perry Township.

48. That the above acts were undertaken pursuant to policies, protocols, and/or procedures authorized by Perry Township.

49. That Risner, knowing that a genuine boundary dispute existed wrongfully, intentionally and maliciously sought to use the power of the Perry Township to settle the dispute.

50. That Risner knowingly, intentionally and maliciously made a false criminal complaint.

51. That Risner sought and did use the Police Department of Perry Township to settle a purely civil matter.

52. That the Plaintiffs are reliant on the display of the Signs for their business operations.

53. That by having to remove the Signs under the threat of the arrest of Mr. Hora, the Plaintiffs suffered a loss of business and incurred economic harm.

54. That Mr. Hora and Mrs. Hora suffered embarrassment fear, humiliation, anger and harm to their reputations, both professional and personal, by Nelson coming the Plaintiffs'

place of business and acting in an unprofessional manner.

55. That above acts violated the Plaintiffs' right under the United States Constitution to be secure in their person and property against unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

56. That the acts, conduct, and behavior of Defendants, and each of them, as described herein were performed knowingly, intentionally, and maliciously to deprive Plaintiffs of their rights under the Constitution of the United States.

57. That the acts described above deprived the Plaintiffs of clearly established and well-settled rights under the Constitution.

58. That one's constitutional rights are violated when the criminal process is employed to address an issue purely civil nature.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against each Defendant, jointly and severally, as follows: (1) Declare that the Defendants violated the Plaintiff rights under the Fourth Amendment to the United States Constitution and 42 USC 1983; (2) enter a permanent injunction to prevent future violation of 42 USC 1983 by the Defendants; (3) award the Plaintiffs actual damages and non-economic damages in excess of $75,000.00 as will be shown at trial in this cause and also punitive damages; (4) award interest on such damages at the legal rate from the date of judgment; (5) award the Plaintiffs attorney fees pursuant to 42 U.S.C.A. § 1988(b) and the costs of this suit; (6) require the Defendant, Perry Township to correct its records to reflect the true boundaries of the Property; and (7) Order any and all other relief in favor of the Plaintiffs the Court may deem just and proper.

## COUNT II:
**(42 U.S.C. § 1983; FIFTH AMENDMENT)**

59. The Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated and realleged herein.

60. As and for their second claim under 42 U.S.C. §1983, the Plaintiffs allege a violation of Amendment V, to the United States Constitution which provides, in relevant part that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

61. That the Plaintiffs, by the actions of Nelson, were wrongfully deprived of the use of their Property.

62. That the Plaintiffs received no compensation from any of the Defendants for the deprivation of the use of their Property.

63. That prior to and when threatened with arrest, Mr. Hora was not afforded or provided any opportunity to defend himself or contest the assertions of the Defendants regarding the boundary dispute.

64. That above acts violated the Plaintiffs' right under the Fifth Amendment to the United States Constitution by the Defendants depriving the Plaintiffs' of their use of their Property without due process of law.

65. That the Plaintiffs have been injured by the Defendants' deprivation of their rights under the Fifth Amendment to the United States Constitution.

66. That the acts, conduct, and behavior of Defendants, and each of them, as described herein were performed knowingly, intentionally, and maliciously to deprive Plaintiffs of their rights under the Constitution of the United States.

67. That the acts described above deprived the Plaintiffs of clearly established and well-settled rights under the Constitution.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against each Defendant, jointly and severally, as follows: (1) Declare that the Defendants violated the Plaintiff rights under the Fifth Amendment to the United States Constitution and 42 USC 1983; (2) enter a permanent injunction to prevent future violation of 42 USC 1983 by the Defendants; (3) award the Plaintiffs actual damages and non-economic damages in excess of $75,000.00 as will be shown at trial in this cause and also punitive damages; (4) award interest on such damages at the legal rate from the date of judgment; (5) award the Plaintiffs attorney fees pursuant to 42 U.S.C.A. § 1988(b) and the costs of this suit; (6) require the Defendant, Perry Township to correct its records to reflect the true boundaries of the Property; and (7) Order any and all other relief in favor of the Plaintiffs the Court may deem just and proper.

### COUNT III:
### (42 U.S.C. § 1983; SIXTH AMENDMENT)

68. The Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated and realleged herein.

69. As and for their third claim under 42 U.S.C. §1983, the Plaintiffs allege a violation of Amendment VI, to the United States Constitution which provides::

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

70. That Nelson, when threatening Mr. Hora with arrest, did not inform him of the nature and cause of the accusations against him.

71. That Nelson, when threatening Mr. Hora with arrest, did not afford Mr. Hora the opportunity to confront his accuser.

72. That under the Sixth Amendments o the Constitution of the United States (U.S. Const. Amends. V), the right of Plaintiffs to be informed of the nature and cause of the accusation them, and to confront their accuser, is guaranteed.

73. That the Plaintiffs were deprived of such rights, and have suffered damages as a result.

74. That the acts, conduct, and behavior of Defendants, and each of them, as described herein were performed knowingly, intentionally, and maliciously to deprive Plaintiffs of their rights under the Constitution of the United States.

75. That the acts described above deprived the Plaintiffs of clearly established and well-settled rights under the Constitution.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against each Defendant, jointly and severally, as follows: (1) Declare that the Defendants violated the Plaintiff rights under the Sixth Amendment to the United States Constitution and 42 USC 1983; (2) enter a permanent injunction to prevent future violation of 42 USC 1983 by the Defendants; (3) award the Plaintiffs actual damages and non-economic damages in excess of $75,000.00 as will be shown at trial in this cause and also punitive damages; (4) award interest on such damages at the legal rate from the date of judgment; (5) award the Plaintiffs attorney fees pursuant to 42 U.S.C.A. § 1988(b) and the costs of this suit; (6) require the Defendant, Perry Township to correct its records to reflect the true boundaries of the Property; and (7) Order any and all other relief in favor of the Plaintiffs the Court may deem just and proper.

## COUNT IV:
## (42 U.S.C. § 1983; FOURTEETH AMENDMENT)

76. The Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated

and realleged herein.

77. As and for their fourth claim under 42 U.S.C. §1983, the Plaintiffs allege a violation of Amendment XIV, to the United States Constitution which provides, in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

78. That the Fourteenth Amendment incorporates those protections guaranteed by the Fourth, Fifth and Sixth Amendments to the Constitution, and makes such protections applicable to the States and their political subdivisions including Perry Township.

79. That based upon the acts described herein, the Plaintiffs' rights under the Fourth, Fifth and Sixth Amendments to the Constitution have been violated and the Plaintiffs have suffered damages as a result.

80. That as a result of such violations, the Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution have been violated.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against each Defendant, jointly and severally, as follows: (1) Declare that the Defendants violated the Plaintiff rights under the Fourteenth Amendment to the United States Constitution and 42 USC 1983; (2) enter a permanent injunction to prevent future violation of 42 USC 1983 by the Defendants; (3) award the Plaintiffs actual damages and non-economic damages in excess of $75,000.00 as will be shown at trial in this cause and also punitive damages; (4) award interest on such damages at the legal rate from the date of judgment; (5) award the Plaintiffs attorney fees pursuant to 42 U.S.C.A. § 1988(b) and the costs of this suit; (6) require the Defendant, Perry Township to correct its records to reflect the true boundaries of the Property; and (7) Order any and all other relief in favor of the Plaintiffs the Court may deem just and proper.

## COUNT V
### (EMOTIONAL DISTRESS)

81. The Plaintiffs hereby incorporate the above-stated paragraphs as if fully restated and realleged herein.

82. That as a result of the actions of the Defendants and based on the callous disregard by Nelson, Mr. Hora and Mrs. Hora were subjected to inquiry and embarrassment to the customers present on October 21, 2018 and thereafter to those customers who inquired as to the reasons for the removal of the signs and whether Tukens Farm Market was going out of business.

83. That because of the failure to publicly correct the boundary dispute, the Plaintiffs were subjected to continued inquiry and embarrassment as well as through the continued actions of Risner in asserting that he was the actual owner of the Property.

**WHEREFORE**, Plaintiffs, respectfully requests that this Court enter judgment against each Defendant, jointly and severally, as follows; (1) enter judgment against the Defendants jointly and severally in amount to be determined at Trial for the Defendants causing Mr. Hora and Mrs. Hora severe emotional distress; (2) award interest on such damages at the legal rate from the date of judgment; (3) award the Plaintiffs attorney fees and the costs of this suit; and (4) enter any other relief in favor of the Plaintiffs the Court deems just and equitable.

DILLER & RICE, LLC

_/s/Steven L. Diller_____
Steven L. Diller (0023320)
Attorney for Plaintiffs
124 E. Main Street
Van Wert, Ohio  45891
Phone: (419) 238-5025
Fax: (419) 238-4705
steven@drlawllc.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

    /s/Steven L. Diller_____
Steven L. Diller